IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HUGO LOPEZ-ORTIZ,<br><br>Defendant. | 8:18CR268<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (§ 2255 Motion), ECF No. 55.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## BACKGROUND

The Defendant entered a plea of guilty to Count I of the Indictment, charging him with conspiracy to distribute or possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1). He was sentenced on December 9, 2019, to a term of 87 months imprisonment and two years of supervised release. He waived his right of appeal in his plea agreement and did not file any appeal. The pending Motion is the Defendant's first motion under § 2255, and it was timely filed.

In his § 2255 Motion, the Defendant asserts that his counsel was ineffective for failing to investigate and interview potential alibi witnesses, failing to advise him that he would forfeit his right of appeal by entering into a plea agreement, and failing to argue that the methamphetamine in question was a mixture rather than actual or pure methamphetamine. The Defendant also asserts that he had no knowledge of an on-going conspiracy.

## DISCUSSION

To establish ineffective assistance of counsel, the Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012) (citing *Strickland*, 466 U.S. at 694).

"A § 2255 petitioner is entitled to an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the [petitioner] is entitled to no relief.'" *Dat v. United States*, 920 F.3d 1192, 1193–94 (8th Cir. 2019) (quoting 28 U.S.C. § 2255(b)). "A petitioner's allegations must be accepted as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions,

or would not entitle the petitioner to relief." *Id.* at 1194 (quoting *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012)).

The Defendant acknowledges that he was arrested while delivering four pounds of methamphetamine mixture as a "mule." The concept of an alibi defense is that the defendant was at another location at the time of the offense, and therefore could not have committed the crime. Because the Defendant was arrested while delivering methamphetamine, his attorney was not ineffective for failing to investigate or interview potential alibi witnesses.

The Defendant waived his right of appeal in his plea agreement, ECF No. 42, Page ID #78, with limited exceptions including claims of ineffective assistance of counsel. At the time of the Defendant's plea hearing, he was advised of his right of appeal and he acknowledged that he understood he was waiving that right in his plea agreement and that his conviction and sentence would be final. He does not state what issues he would have raised on appeal. The record in this case conclusively shows the Defendant cannot meet either the performance prong or the prejudice prong with respect to his claim of ineffective assistance of counsel on this issue.

The Defendant acknowledges that the four pounds of methamphetamine he was delivering at the time of his arrest was 83 percent pure. Because one pound contains 453.592 grams, four pounds would contain 1,814.37 grams. The Defendant was held responsible for only 1,568 grams of methamphetamine mixture, 83 percent (plus or minus 5 percent) pure. See Presentence Investigation Report, ECF No. 49 at ¶ 39. Applying an 83 percent purity assumption, the Defendant would be held responsible for 1,301.44 grams of pure methamphetamine. The Defendant was given the benefit of a lower

3

calculation, based on the five percent plus or minus range of error, and was held responsible for only for 1.26 kilograms of actual methamphetamine. *Id.* Accordingly, the record in this case conclusively shows the Defendant cannot meet either the performance prong or the prejudice prong with respect to his claim of ineffective assistance of counsel on this issue.

Finally, the Defendant asserts he was unaware of any drug conspiracy. Because the Defendant acknowledges that he was acting as a "mule" to deliver methamphetamine, he was acting in concert with at least one other individual involved in the drug trafficking offense.

The Court has completed its initial review of the Defendant's Motion and concludes that the files and records of the case conclusively show that the Defendant is entitled to no relief, and his Motion will be denied.

A petitioner under 28 U.S.C. § 2255 may not appeal an adverse ruling unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability will not be granted unless the movant has "made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To show this denial, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Defendant has made no such showing, and no certificate of appealability will be issued.

Accordingly,

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (§ 2255 Motion), ECF No. 55, is denied;

2. No certificate of appealability will be issued; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 12th day of June 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge